**Tanios Assad ZGHEIB, aka Tony Zgheib, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–75635.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 4, 2009.

Roni Rotholz, Esquire, Law Offices of Roni Rotholz, Walnut Creek, CA, for Petitioner.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

James Arthur Hunolt, Senior Litigation Counsel, Andrew B. Insenga, Trial, OIL, Yamileth G. Handuber, M. Jocelyn Lopez Wright, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Tanios Assad Zgheib, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Kotasz v. INS*, 31 F.3d 847, 851 (9th Cir. 1994), and deny the petition for review.

The record does not compel the conclusion that extraordinary circumstances excused the untimely filing of Zgheib's asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *Husyev v. Mukasey*, 528 F.3d 1172, 1181–82 (9th Cir.2008). Accordingly, Zgheib's asylum claim fails.

Substantial evidence supports the agency's denial of withholding of removal because Zgheib failed to show that the Syrian forces in Lebanon who detained and beat him, were motivated by a protected ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117

L.Ed.2d 38 (1992) (holding that persecutors' motivation may be established by direct or circumstantial evidence). Furthermore, even if the disfavored group analysis applies to withholding of removal claims, Zgheib has not established a clear probability of future persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir. 2003); *see also Hakeem v. INS*, 273 F.3d 812, 816–17 (9th Cir.2001). Lastly, Zgheib did not establish that the groups to which he belonged are subject to the systematic, government sanctioned mistreatment that is required to show a "pattern or practice" of persecution. *See Kotasz*, 31 F.3d at 852–53. Accordingly, Zgheib's withholding of removal claim fails.

Zgheib's contention that the agency failed to address his imputed political opinion, is not supported by the record.

Zgheib does not raise any arguments in his opening brief regarding the BIA's denial of CAT relief so we deem his argument abandoned. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.